IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD MAURICE HUDSON,

        Plaintiff,                    No. CIV S-07-1384 WBS KJM P

    vs.

OFFICER MICHAEL SMITH,

        Defendant.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The in forma pauperis statute permits federal district courts to

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

1

1       A court may deny leave to proceed in forma pauperis if it appears from the face of the proposed complaint that the action is frivolous. <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113 (9th Cir. 1998). In determining whether an action is frivolous, the court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

      Plaintiff alleges that defendants, both Sacramento police officers, received a call from dispatch, which identified a person shooting a gun as wearing a mask. However at preliminary hearing, Smith testified that the suspect was a black man wearing a mask. In addition, defendant Jackson never wrote a report about the incident.

      There is no constitutional right to testimony that is perfectly consistent with a police report and no right to have every officer involved in an incident write a report. Plaintiff may be alleging, however, that Smith committed perjury. While this may state a claim under the civil rights act, such a lawsuit is barred at this stage in the proceedings.

      In <u>Heck v. Humphrey</u>, the Supreme Court ruled a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. 512 U.S. at 486-87. The Ninth Circuit has extended <u>Heck</u>:

> A claim, that if successful would necessarily imply the invalidity of the prosecution in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist.

<u>Harvey v. Waldron</u>, 210 F.3d 1008, 1015 (9th Cir. 2000). Because it appears that plaintiff is still involved in criminal proceedings, his action is barred.

/////
/////
/////
/////

2

1  IT IS HEREBY RECOMMENDED that plaintiff's request to proceed in forma
2  pauperis be denied and the action dismissed.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5  days after being served with these findings and recommendations, plaintiff may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
9  F.2d 1153 (9th Cir. 1991).
10 DATED: November 16, 2007.

_____
U.S. MAGISTRATE JUDGE

2
huds1384.56